ment have been directed at the property division and the lack of maintenance. Therefore, the judgment of dissolution entered October 30, 1991, is vacated as to the elements of property division and maintenance. The decree is undisturbed as to the dissolution of the marriage. The case is remanded to the trial court. As to matters of property division and maintenance, the trial court on remand is directed to enter a stay pending resolution of the Wisconsin action, or to dismiss any claims related to property division and maintenance, whichever is most appropriate in view of the status of the proceeding in Wisconsin.[2] The appeal of Mrs. Bell in case No. WD 46039, which was consolidated with her earlier appeal, is dismissed as moot in view of the foregoing.

All concur.

---

David C. Hemingway, Office of the Public Defender, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., Michael J. Runzi, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

## ORDER

PER CURIAM.

Movant appeals from the denial of his Rule 24.035 motion following an evidentiary hearing. We affirm. The findings and conclusions of the motion court are not clearly erroneous, and an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).

---

**Rodrick BURTON, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

No. 61765.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 16, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 17, 1993.

Application to Transfer Denied
April 20, 1993.

---

**Alfred COLEMAN, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

No. 61603.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 16, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1993.

Application to Transfer Denied
April 20, 1993.

---

2. Although the trial court was aware of the facts related to jurisdiction in Wisconsin, and decided that Missouri should not defer to the State of Wisconsin in the exercise of jurisdiction, except as to child custody (which is mandated by § 452.450, RSMo 1986), we find the evidence on this issue to be sufficiently compelling to justify concluding that issue in favor of deferring to the State of Wisconsin. There was some evidence that Wife had considered trying to move to Missouri also, but that she had given up that idea. Most of the factors point strongly to the wisdom of deferring to the State of Wisconsin.